UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JUDNER FIACRE (A-Number: 079-279-017),

Petitioner,

v.

CENTRAL VALLEY ANNEX DETENTION FACILITY,

Respondent.

Case No. 1:26-cv-6852-JDP

ORDER

Petitioner Judner Fiacre has been a legal permanent United States resident since February 2006. He was detained by ICE in April 2026, upon his return from a family trip abroad. Petitioner seeks a writ of habeas corpus under 28 U.S.C. § 2241. For the following reasons, the court will grant the petition and order petitioner's immediate release.

**Background**

Petitioner has been a lawful permanent resident ("LPR") of the United States since February 27, 2006. ECF No. 7-1 at 2. He has a valid permanent resident card. *Id.* Petitioner lives in Florida with his fiancée and seven children. *Id.* He works as a merchant marine for Ingram Barges & First Coast Security. *Id.*

On April 27, 2026, when petitioner was returning from a trip abroad, immigration officers

detained him at the airport point of entry. *Id.* A criminal history check revealed that petitioner had pled guilty in April 2016 in state court for the offense of tampering with a witness, which immigration authorities contend is a crime of moral turpitude. *Id.* Criminal history records reflect that petitioner pled guilty to that offense, under Florida Statute section 914.22(1)(e), and that the state court placed petitioner on probation for eighteen months and imposed a 30-day sentence for which he had credit for time served.[1] ECF No. 7-2 at 9-11, 13.

At the airport, immigration officers took petitioner into custody, and ICE has detained him since April 27, 2026, without bond because the immigration court determined that "no judge has jurisdiction to grant [him] bond." ECF No. 1 at 6-7. Respondent asserts that petitioner has been detained under 8 U.S.C. § 1225(b)(2), which authorizes immigration detention without the possibility of release on bond. ECF No. 7 at 1.

**Legal Standard**

A federal court may grant habeas relief when a petitioner shows that his custody violates federal law. 28 U.S.C. §§ 2241(a), (c)(3), 2254(a); *Williams v. Taylor*, 529 U.S. 362, 374-75 (2000). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction

[1] The records are ambiguous regarding whether the state court withheld adjudication of guilt or not. Florida Statute § 948.01(2) grants a judge the discretion to impose a probationary sentence and withhold the adjudication of guilt "[i]f it appears to the court upon a hearing of the matter that the defendant is not likely again to engage in a criminal course of conduct and that the ends of justice and the welfare of society do not require that the defendant presently suffer the penalty imposed by law. . . ." One state court record reflects that petitioner's guilt was adjudicated, ECF No. 7-2 at 9, while another states that adjudication of guilt was withheld, *id.* at 13, and yet another has neither box checked for whether petitioner was adjudicated guilty or adjudication was withheld, *id.* at 2. As I cannot determine the status of this issue, I will treat the conviction as if petitioner's guilt was adjudicated.

includes challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

**Analysis**

Petitioner claims that his detention without a bond hearing violates due process.[2] ECF No. 1 at 6-7. Respondent argues that petitioner's detention is mandatory under 8 U.S.C. § 1225(b)(2) because he is an "arriving alien." ECF No. 7 at 2. The court addresses respondent's argument before turning to petitioner's due process claim.

Section 1225(b)(2) provides that "if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained." 8 U.S.C. § 1225(b)(2)(A). A Border Patrol officer at the airport categorized petitioner's prior offense as a "crime of moral turpitude," but there is no indication that this officer had any criminal history records beyond a background check record with a positive result. *See* ECF No. 7-1 at 2. A review of the criminal history records provided by respondent indicates that petitioner pled guilty to a witness tampering offense in April 2016 and was placed on a term of probation. ECF No. 7-2 at 13.

In its answer to the petition, respondent offers no argument supporting that the prior offense is a crime of moral turpitude or explaining the effect that this would have on petitioner's LPR status, which ordinarily would allow him to return to the United States after a temporary trip abroad.[3] *See* ECF No. 7; *see also Saxbe v. Bustos*, 419 U.S. 65, 72 (1974). Moreover, Florida has not held that petitioner's crime, tampering with a victim or witness, constitutes a crime involving moral turpitude. *See Ramirez v. State*, 319 So. 3d 191, 196-97 (Fla. Dist. Ct. App. 2021) ("Defendant has provided no definitive authority showing that the crime of tampering with a victim or witness in a misdemeanor proceeding is a crime involving moral turpitude, and it is by no means clear to this court that Defendant's conviction for witness tampering categorically constitutes a crime involving moral turpitude."). Indeed, respondent does not address the prior

---

[2] Petitioner's pro se filing is entitled to liberal construction. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also Charan S. v. Warden of the Cal. City Det. Facility*, No. 1:26-cv-3017-TLN-JDP, 2026 WL 1144158, at *1 n.1 (E.D. Cal. Apr. 28, 2026) (applying liberal construction to pro se immigration habeas filing).

[3] Respondent has not provided the court a copy of the notice to appear containing the grounds for inadmissibility charged against petitioner.

offense apart from referencing petitioner's "criminal history" to support its contention that any relief should be limited to a bond hearing. *Id*. at 2.

Accordingly, respondent has failed to establish that petitioner is subject to mandatory detention under 1225(b)(2). Respondent offers no other argument and acknowledges that "this case fits into the category of cases in which the court has found that petitioner's previous parole into the United States is more significant than the manner of entry." *See* ECF No. 7 at 1-2. The court therefore turns to petitioner's uncontested due process claim.

Courts analyze procedural due process claims in two steps: first, we consider whether there exists a protected liberty interest under the Due Process Clause, and, second, we evaluate what procedures are necessary to ensure that any deprivation of that protected liberty interest accords with the Constitution. *See Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989). The court will consider each in turn.

There is no dispute that petitioner was granted lawful permanent residency in 2006. ECF No. 1 at 6; ECF No. 7-1 at 2. Thus, petitioner has lived in the United States as an LPR for twenty years. Courts in this Circuit, including this one, have held that an LPR has a protected liberty interest in not being unlawfully detained by ICE. *See Burton v. Larose*, No. 3:26-cv-2627-JES-BJW, 2026 WL 1256875, at *2-3 (S.D. Cal. May 7, 2026); *B.R. v. Warden*, No. 1:26-cv-0810-TLN-CSK, 2026 WL 1091489, at *2 (E.D. Cal. Apr. 22, 2026); *Amezcua v. Noem*, No. 5:26-cv-1070-SRM-AGR, 2026 WL 1048212, at *6 (C.D. Cal. Mar. 25, 2026); *Galvan Maldonado v. Andrews*, No. 1:26-cv-1451-DJC-JDP, 2026 WL 1864622 (E.D. Cal. June 29, 2026).

Courts have come to these conclusions based on the breadth of case law finding that LPRs have protected liberty interests in maintaining ties with their community and remaining free from governmental restraint. *See Amezcua*, 2026 WL 1048212, at *6 (collecting cases). For example, the Supreme Court has held that LPR status "carries several important privileges: he may remain in the United States indefinitely; he is free to work in this country; he may return to this country after a temporary absence abroad; and he has the privilege of establishing a permanent residence in the United States." *Saxbe*, 419 U.S. at 72. Notably, LPRs "do not lose their due process protections and liberty interest merely because they are subject to removal." *Amezcua*, 2026 WL

1048212. On the contrary, LPRs are "lawfully present in the United States until a final deportation or removal order is entered." *Kyong Ho Shin v. Holder*, 607 F.3d 1213, 1217 (9th Cir. 2010). The court agrees with other courts that have addressed this issue and find that petitioner has a protected liberty interest that accrued over his twenty years of lawful permanent residency in the United States.

Once a court has found that a noncitizen has a liberty interest in continued release, the court must next determine what procedural protections the government must afford the noncitizen before depriving him of that liberty interest. This requires balancing the factors laid out in *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). *See Hernandez v. Sessions*, 872 F.3d 976, 993 (9th Cir. 2017) (applying *Mathews* factors in immigration detention context).

The *Mathews* test requires courts to consider:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Mathews*, 424 U.S. at 335.

First, petitioner has a significant private interest in his freedom. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690. Petitioner has a private interest in his continued release that developed over the two decades since he was granted LPR status. *See Noori v. LaRose*, No. 25-cv-1824-GPC-MSB, 2025 WL 2800149, at *10 (S.D. Cal. Oct. 1, 2025) ("Petitioner has a private interest in remaining free, which developed over the year he resided in the United States.").

Turning to the second *Mathews* factor, the risk of erroneous deprivation without a bond hearing is high. Prior to giving petitioner permission to live and work in the United States as an LPR, respondent determined that he presented neither a danger to the community nor a risk of flight. Absent a pre-deprivation bond hearing in front of a neutral arbiter, the risk of erroneous deprivation is high given the possibility that petitioner's detention was not pursuant to a valid

state interest. *See Omer G.G. v. Kaiser*, No. 1:25-cv-1471-KES-SAB, 2025 WL 3254999, at *7 (E.D. Cal. Nov. 22, 2025) ("Civil immigration detention, which is 'nonpunitive in purpose and effect[,]' is justified when a noncitizen presents a risk of flight or danger to the community.") (quoting *Zadvydas*, 533 U.S. at 690).

"Where, as here, '[the petitioner] has not received any bond or custody . . . hearing,' 'the risk of an erroneous deprivation [of liberty] is high' because neither the government nor [the petitioner] has had an opportunity to determine whether there is any valid basis for her detention." *Pinchi*, 792 F. Supp. 3d at 1035 (quoting *Singh v. Andrews*, No. 1:25-cv-0801, 2025 WL 1918679, at *7 (E.D. Cal. July 11, 2025)). Respondent offers no evidence or argument indicating that any procedural safeguards have been employed following petitioner's detention; more generally, it gives the court no reason to believe that any efforts have been made to prevent erroneous deprivation of petitioner's liberty. *See id*. On the contrary, the fact that the government maintains that petitioner is subject to mandatory detention indicates that it has not made sufficient efforts to prevent an erroneous deprivation of his liberty. *See* ECF No. 7. Accordingly, "the probable value of additional procedural safeguards, i.e., a bond hearing, is high." *See A.E. v. Andrews*, No. 1:25-cv-0107-KES-SKO, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025), *report and recommendation adopted*, 2025 WL 1808676 (E.D. Cal. July 1, 2025).

"Third, the Government's interest in detaining Petitioner without . . . a hearing is 'low.'" *Salazar v. Casey*, No. 25-cv-2784-JLS, 2025 WL 3063629, at *5 (S.D. Cal. Nov. 3, 2025) (citation omitted). "In immigration court, custody hearings are routine and impose a 'minimal' cost." *Carballo v. Andrews*, No. 1:25-cv-0978-KES-EPG, 2025 WL 2381464, at *8 (E.D. Cal. Aug. 15, 2025) (quoting *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025)). Respondent has not provided any information about the additional burden it would bear as a result of being required to provide a bond hearing. *See* ECF No. 7.

Accordingly, a consideration of the *Mathews* factors demonstrates that petitioner's detention without a bond hearing violates his due process rights. Given this finding, the court must determine the appropriate remedy. Petitioner seeks immediate release. ECF No. 1 at 7. Respondent claims that petitioner's criminal history supports relief in the form of a bond hearing.

*See* ECF No. 7 at 2.

Although petitioner pled guilty to one felony in state court, this offense is over ten years old, and petitioner received a term of probation and a sentence of thirty days with full credit for time served. ECF No. 7-2 at 13. Respondent has provided no evidence of any other criminal conduct during petitioner's two decades in the United States. Petitioner was stopped by immigration authorities when he flew back from a family trip abroad and presented his valid LPR document at the airport. Respondent does not argue that petitioner is a flight risk or a danger. ECF No. 7.

The Supreme Court has recognized that "[h]abeas is at its core a remedy for unlawful executive detention," and the "typical remedy for such detention is, of course, release." *Munaf v. Geren*, 553 U.S. 674, 693 (2008); *see also Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 107 (2020) ("Habeas has traditionally been a means to secure *release* from unlawful detention."). To satisfy due process, "the Court usually has held that the Constitution requires some kind of a hearing *before* the State deprives a person of liberty or property." *Zinermon v. Burch*, 494 U.S. 113, 127 (1990) (emphasis in original). In some circumstances, however, the Court has held that a post-deprivation hearing satisfies due process, such as where there is "the necessity of quick action by the State or the impracticality of providing any predeprivation process." *Id*. at 128 (cleaned up). Where a petitioner is entitled to a pre-deprivation hearing, courts have found that "[t]he appropriate relief . . . is their immediate release from custody, and to be provided with relief returning them to status quo ante, i.e., the last uncontested status which preceded the pending controversy." *Cardin Alvarez v. Rivas*, No. 25-cv-2943-PHX-GMS, 2025 WL 2898389, at *21 (D. Ariz. Oct. 7, 2025), *report and recommendation adopted in part, rejected in part on other grounds*, 2025 WL 2899092 (D. Ariz. Oct. 10, 2025).

Here, there is no evidence, nor has respondent presented any argument, suggesting that there was "the necessity of quick action" by ICE such that petitioner could not have been provided a pre-deprivation hearing. *See Zinermon*, 494 U.S. at 128. Petitioner was at the airport coming home from a trip abroad when immigration officials detained him. Petitioner's only arrest dates from May 2015, over ten years prior to his detention in April 2026. ECF No. 7-2 at

13.

Under these circumstances, I find that the "typical remedy" of release is appropriate because the government has not provided a lawful justification for re-detaining petitioner without a pre-deprivation hearing. *See Munaf*, 553 U.S. at 693. Petitioner's due process rights have been violated such that the appropriate relief is immediate release from custody, thereby returning him to the "status quo ante." *See Cardin Alvarez*, 2025 WL 2898389, at *21.

**Conclusion**

Accordingly, it is hereby ORDERED that:

1. The petition for writ of habeas corpus, ECF No. 1, is GRANTED.

2. Respondent is ordered to immediately release petitioner (A-Number: 079-279-017) from its custody with all his property and documents. Respondent shall not impose any additional restrictions on petitioner, unless that is determined to be necessary at a future pre-deprivation hearing. If the government seeks to re-detain petitioner, it must provide no less than seven days' notice to petitioner and must hold a constitutionally compliant pre-deprivation bond hearing before a neutral arbiter at which the government bears the burden of proving flight risk or danger by clear and convincing evidence. This order does not address the circumstances in which respondent may detain petitioner in the event petitioner becomes subject to an executable final order of removal.

3. The Clerk of Court is directed to serve Central Valley Annex Detention Facility with a copy of this order.

4. The Clerk of Court is ordered to enter judgment accordingly and close this case.

IT IS SO ORDERED.

Dated: September 15, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE